## CAMP v. TIBBETTS.

An affidavit of the plaintiff or of a third person, stating, upon information and belief, that the defendant is an absconding or fraudulent debtor, and containing no averment of any fact or circumstance, on belief or otherwise, to show the fraudulent intent alleged, is not sufficient "proof" to authorize the issuing of an attachment in the Marine Court, under § 34 of chapter 300, Laws of 1831.

Whether the non-residence of the defendant must be proved, before an attachment can issue under the *thirty-third* section of the act; *quere?*

By appearing in the court below, merely to move for a discharge of the attachment, the defendant does not waive his right to object to the same upon an appeal from the judgment entered against him in the suit.

THIS suit was commenced in the Marine Court by attachment under the thirty-fourth section of chapter 300, laws of 1831, and a judgment was obtained against the defendant, who appealed to this court. The further facts are stated in the opinion.

BY THE COURT. WOODRUFF, J.—The respondent has, in terms too conclusive to admit of dispute with his adversary, declared the ground upon which the attachments in these cases were issued.

He applied in writing for an attachment, upon " grounds set forth in the affidavit," annexed to his application.

That affidavit declared the grounds of the application to be, an indebtedness to the plaintiff, and that the " defendant is an absconding or fraudulent debtor," and that his property was " being conveyed away with intent to defraud his creditors."

He thus, in terms, declares the grounds of his application to be those specified in section 34th, of chap. 300, of laws of 1831.

The process, issued in like unequivocal manner, describes itself as issued pursuant to the 34th section, upon requisite

Camp *v.* Tibbetts.

proof, by affidavit and the execution of a bond with suffi-
cient surety.

And the justice's return further shows, that it was issued
upon the filing of the security and on affidavit, which alone
are required or can be deemed to satisfy the requisites of
that section.

·Entertaining this view of the foundation of this attach-
ment, I am clearly of opinion that there was nothing in the
affidavit which could give the Marine Court jurisdiction.
Nothing in the nature of proof was offered to sustain the
grounds of the application.

Without entering into any discussion of the subject, it is
sufficient to say that the affidavit is founded wholly upon in-
formation and belief, and contains no statement of any fact
or circumstance whatever, on belief or otherwise, to show the
fraudulent intent alleged.

The statute allows the plaintiff to make the *proof* by his
own affidavit, or by that of some other person. But to hold
an affidavit that a third person is informed and believes that
the "defendant is an absconding *or* fraudulent debtor" suffi-
cient, is a perversion of the meaning of the term proof, to
which I cannot assent, especially when no evidence (even on
information) of any act of the defendant, showing a fraudu-
lent intent, is offered.

This view is sustained by Justice Beardsley, in *Dewey* v.
*Greene*, 11 Denio, 93.

I feel much inclined to agree with Judge Beardsley in his
opinion, in *Taylor* v. *Heath*, 4 Denio, 593, in regard to the
necessity of proving non-residence before an attachment
could issue under the 33d section of the above act; but the
view that I have above taken sufficiently disposes of the case.

The defendant did not appear in the suit for any purpose,
except to move to quash the attachments; and as the sum-
mons was not served upon him, no jurisdiction was acquired
thereby, and he has in no manner waived the objection to
the attachments.

The judgment must be reversed, with costs.